

**Signed: September 08, 2009**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                     No. 09-40466 TM
                                          Chapter 7
GEBHARD EBENHOECH,

            Debtor.
_____/

**MEMORANDUM RE OBJECTION TO DEBTOR'S EXEMPTION CLAIMS**

    Creditors Charles and Patricia Schweng ("Creditors") objected to certain of the above-captioned debtor's claims of exemption. The objection (the "Objection") came on for hearing on September 3, 2009. Appearances were stated on the record. The hearing was continued to give the parties an attempt to settle the objection. The purpose of this Memorandum is to advise the parties of the Court's tentative rulings with regard to the Objection prior to the continued hearing in the event the dispute has not been resolved by that time.

**PROCEDURAL HISTORY**

    The above-captioned case was filed on January 22, 2009 as a chapter 13 case. Schedules of Assets and Liabilities were filed on February 6, 2009, including a Schedule C, listing the debtor's claims of exemption. A meeting of creditors was held on April 9, 2009, but

was continued to June 4, 2009 when the debtor failed to appear. On May 22, 2009, a hearing was held on the chapter 13 trustee's motion to dismiss the case. The debtor appeared at the hearing through counsel and requested conversion of the case to chapter 7. An order converting the case to chapter 7 was entered on June 3, 2009.

A meeting of creditors in the chapter 7 case was held on July 15, 2009. On July 28, 2009, Creditors filed the Objection, and the hearing on the Objection referred to above was duly noticed. On August 25, 2009, the debtor filed a reply to the Objection (the "Reply"). On August 31, 2009, Creditors filed the declaration of Ben Schweng (the "Schweng Declaration"), responding to certain issues addressed in the Reply.

**DISCUSSION**

On Schedule C, filed at the inception of the case, the debtor listed the following claims of exemption, listing the amount of the claimed exemption and the value of the property claimed as exempt. He also cited the exemption statute upon which the claim was based.

2

| Description of Property | Statute Relied Upon | Exemption Value | Property Value |
|---|---|---|---|
| <u>Checking, Savings, or Other Financial Accounts</u> | | | |
| checking and savings accounts at WAMU | C.C.P. § 703.140(b)(5) | 500 | 500 |
| checking and savings accounts at BofA | C.C.P. § 703.140(b)(5) | 100 | 100 |
| checking and savings accounts at Tech C/U | C.C.P. § 703.140(b)(5) | 1,200 | 1,200 |
| <u>Household Goods and Furnishings</u> | | | |
| misc. household goods and furnishings | C.C.P. § 703.140(b)(3) | 1,500 | 1,500 |
| <u>Wearing Apparel</u> | | | |
| ordinary wearing apparel | C.C.P. § 703.140(b)(3) | 150 | 150 |
| <u>Furs and Jewelry</u> | C.C.P. § 703.140(b)(4) | 25 | 25 |
| <u>Firearms and Sports Equipment, etc.</u> | | | |
| .22 target pistol, .367 revolver, Sigsauer .40 semi-automatic | C.C.P. § 703.140(b)(5) | 500 | 500 |
| <u>Interests in Insurance Policies</u> | | | |
| term life insurance New York Life ($250k) | C.C.P. § 703.140(b)(5) | 00 | 00 |
| <u>Interests in IRA, ERISA, and Other Like Plans</u> | | | |
| IRS [sic] | C.C.P. § 703.140(b)(10)(E) | 1,700 | 1,700 |
| <u>Stock and Interests in Businesses</u> | | | |
| 50% TLS Enterprises, LLC (operates Pleasanton and San Mateo Cyclepath bike shops) | C.C.P. § 703.140(b)(5) | 10,000 | 10,000 |
| 50% ownership of Hayward Bicycles, LLC (operates Hayward Cyclepath bike shop) | C.C.P. § 703.140(b)(5) | 5,000 | 5,000 |
| <u>Other Liquidated Debts Owing Debtor Including Tax Refund</u> | | | |
| possible state or federal tax refund | C.C.P. § 703.140(b)(5) | 1,000 | 1,000 |
| <u>Automobiles, Trucks, Trailers, etc.</u> | | | |
| 1998 Volvo V70 (178k) | C.C.P. § 703.140(b)(2) | 3,000 | 3,000 |

**Creditors' Objection:**

Creditors objected to the following claims of exemptions on the following grounds:

**Bianchi bicycle:** Creditors contended that the debtor owns a Bianchi bicycle and that its value is at least $2,000, or $500 more than the value ascribed to it.

3

**Debtor's firearms:** Creditors contended that the three guns claimed by the debtor as exempt are collectively worth at least $1,000, or $500 more than the value the debtor has ascribed to them.

**50% Interest in TLS Enterprises, LLC:** Creditors contended that the value of this interest is at least $12,500, or $2,500 more than the value ascribed to it by the debtor.

The Creditors contended that, to the extent that the value of these items exceeds the amount of the exemption available to the debtor, the excess value should be preserved for the benefit of the estate.

**Debtor's Reply:**

The debtor contended that the Objection was frivolous. He asserted that the Creditors appear to be objecting to the values ascribed to the property in question rather than the claims of exemption. He argued that they had not advanced any argument as to why the exemptions in question could not be claimed under the statutes cited. He also noted that there was no supporting declaration or other evidence to support the objection.

**Schweng Declaration:**

In response to the Debtor's reply, the Creditors filed the Schweng Declaration. The declarant identified himself as the son of Creditors and stated that he had known the debtor for ten years.

**Bicycle:** The declarant stated that the debtor had told him about his bicycle collection, including the Bianchi bicycle referred to in the Objection. He stated that, in late May or early June 2009, the debtor had told him that he had acquired the Bianchi bicycle from an employee of Hayward Bicycles, LLC. He asserted that the retail value

4

of the Bianchi bicycle is at least $1,500, that the value of the bicycle collection as a whole exceeds $2,000, and that he would be willing to pay that amount for the collection. The declarant stated that he believed that the bicycle collection was included in the miscellaneous household goods and furniture category which the debtor valued collectively at $1,500.

**Guns:** The declarant noted that the debtor valued his three guns collectively at $500. He asserted that, based on advertised prices of similar firearms, he is informed and believes that their fair market value is at least $1,000.

**Interest in TLS Enterprises, LLC ("TLS"):** The declarant stated that the debtor and Joel Davis ("Davis") each own a 50% interest in TLS which is engaged in the business of bicycle sales and repair in Pleasanton and San Mateo. He asserted that TLS is an authorized distributor of Trek bicycles. He asserted that Davis had previously claimed that a distributor may not assign its distribution rights. For that reason, he stated, he believes that the value of the debtor's 50% interest in TLS is worth more than $10,000, the amount claimed by the debtor. The declarant stated that, since July 2009, he has operated a bicycle sales and repair shop in Hayward, which is an authorized distributor for Specialized bicycles. To date, he has been unable to obtain the right to distribute Trek bicycles. Thus, he believes that the Trek distributorship adds significant value to TLS.

**Offer to Purchase:** The declarant stated that in July 2009 he authorized his attorney to offer to purchase from the bankruptcy

5

estate for $15,500 the debtor's 50% interest in TLS, his guns, the debtor's bicycle collection and the other property categorized in the debtor's bankruptcy schedules as miscellaneous household goods and furnishings.  He attached a copy of a cashier's check for this amount payable to the chapter 7 trustee.  Apparently, the trustee has not yet responded to this offer and may be waiting for a ruling on the objection to do so.

**CONCLUSIONS OF LAW AND IDENTIFICATION OF FACTUAL ISSUES**

**Bicycles**

As noted above, Creditors objected to the debtor's claim of exemption with respect to a Bianchi bicycle.  In the Objection, the Creditors contended that the bicycle was worth at least $2,000 or $500 more than the value the debtor had ascribed to it.  In the Schweng Declaration, the declarant stated that the retail of the Bianchi bicycle was at least $1,500.  This portion of the Objection must be overruled.  The debtor did not list any bicycle as his personal property on Schedule B of his Schedules of Assets and Liabilities nor did he claim an exemption in one.

At the hearing, the debtor contended that the Bianchi was the property of TLS.  The debtor did claim an exemption in his 50 percent interest in TLS.  The Creditors have filed a separate objection to this exemption claim.  If the Creditors are able to establish that the Bianchi is the debtor's personal property, the Bianchi will

6

constitute property of the estate as to which the debtor has not claimed an exemption.[1]

**Guns**

In Schedule C, the debtor listed three guns--a .22 target pistol, a .367 revolver, and a .40 Sigsauer semi-automatic--as exempt under Cal. Civ. Proc. Code § 703.140(b)(5). Their collective value was asserted to be $500. The Creditors asserted that the collective value of the guns was at least $1,000. The debtor responded that the Creditors had failed to offer any evidence in support of this value. In response to the debtor's observation that the Creditors had submitted no evidence in support of this valuation, the Creditors filed the Schweng Declaration. In the Schweng Declaration, the declarant stated that his estimate of the value of the guns was based on advertised prices of similar firearms.

The debtor also noted that he was not categorically claiming the guns as exempt. He was only claiming $500 of their value as exempt. Thus, the Objection was not well taken. However, the Court does not find the Objection to be frivolous.

First, in the Objection, the Creditors requested that any excess value over the exemption amount to which the debtor was entitled be preserved for the benefit of the estate. Second, in the Ninth Circuit, a trustee's failure to object to a claim of exemption that is limited in amount when the value claimed by the debtor is within

---

[1] The debtor's failure to list the Bianchi bicycle as his personal property in Schedule B might be grounds for denial of his discharge. However, to date, no adversary proceeding or contested matter has been filed, raising this issue.

7

that limit does not prevent the trustee from administering the property. See In re Hyman, 967 F.2d 1316 (9th Cir. 1992). However, other Circuits have ruled to the contrary. That issue is before the United States Supreme Court this term. See In re Reilly, 534 F.3d 173 (3rd Cir. 2008), cert. granted in part by Schwab v. Reilly, 129 S.Ct. 2049 (2009). By objecting to the claim of exemption, the Creditors are preserving their rights in case the Supreme Court affirms Reilly.

Section 703.140(b)(5) gives the debtor an exemption in any property in the amount of $925 plus any unused portion of the $17,425 homestead exemption. The debtor has not claimed a homestead exemption. Thus, this section gives the debtor an exemption in the amount of $18,350, which he may apply to any property, including his guns. However, the debtor has also claimed exemptions in other personal property under this Code section. Thus, the total value of all items claimed under this section, including the debtor's 50 percent interest in the two bicycle shop entities, must be considered together.

**50% Interest in TLS**

The Creditors' final objection is to the debtor's claim of exemption in the debtor's 50 percent interest in TLS, which operates two bicycle shops. Again, the statutory basis for the exemption is Section 703.140(b)(5). The asserted value of the 50 percent interest is $10,000. The Creditors contended that the value is at least $12,500. As noted in the preceding section, the extent to which this alleged excess value presents a triable issue of fact must be

8

considered in conjunction with all of the property claimed as exempt under Section 703.140(b)(5).

**Application of Section 703.140(b)(5)**

The debtor claimed the following property as exempt under Section 703.140(b)(5) with the following stated values:

| Description of property | Stated Value |
|---|---|
| Checking and savings accounts at WAMU, BofA, and Tech C/U | $ 1,800 |
| Three guns | 500 |
| Term life insurance policy | 0 |
| Interests in IRS [sic? IRA] | 1,700 |
| 50% interest in TLS Enterprises, LLC | 10,000 |
| 50% ownership of Hayward Bicycles, LLC | 5,000 |
| Possible state or federal tax refund | 1,000 |
| Total: | $19,000 |

As noted above, Section 703.140(b)(5) gives the debtor an exemption of $18,350 to apply to any property. Thus, even under <u>Hyman</u>, the Objection to the claim of exemption in either the guns or the 50 percent interest in TLS has merit to the extent of $650. In addition, it would have merit as to an additional $500 if the Creditors are correct about the valuation of the guns and an additional $2,500 if they are correct about the valuation of the 50 percent interest in TLS. Thus, this excess value would constitute property of the estate if established.

The Creditors have indicated an interest in purchasing the 50 percent interest in TLS and the other disputed items. The Court has

9

continued the hearing to permit the parties to investigate this possibility.  Given the amount in controversy, the Court is hopeful that the matter will be settled without the need for an evidentiary hearing.  However, if it is not settled before an evidentiary hearing is set, the Court would require the Creditors to submit appraisal evidence supporting their asserted values.

END OF DOCUMENT

COURT SERVICE LIST

James A. Pixton
Law Offices of James A. Pixton
1524-A Lincoln Ave.
Alameda, CA 94501

W. Michael Celestre
3650 Mt. Diablo Blvd., Ste. 180
Lafayette, CA 94549

Paul Mansdorf
Chapter 7 Trustee
1563 Solano Ave., #703
Berkeley, CA 94707

11